**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**



**LATASHA SMITH**                                                                    **PLAINTIFF**

**VS.**                                                   CIVIL ACTION NO.: 3:23cv276 - TSL
                                                                                                RPM

**SEAN TINDELL, in his individual capacity and in his**
**official capacity as the Commissioner of the Mississippi**
**Department of Public Safety; BO LUCKEY, in his**
**individual capacity and in his official capacity as the**
**Chief of the Mississippi Capitol Police; and JOHN**
**DOES 1-15**                                                                          **DEFENDANTS**

---

**COMPLAINT**
**(Jury Trial Demanded)**

---

COMES NOW the Plaintiff, Latasha Smith (also referred to as "Plaintiff" or "Smith"), by and through counsel, and files this her Complaint against the above-named Defendants, Sean Tindell, in his individual capacity and in his official capacity as the Commissioner of the Mississippi Department of Public Safety; Bo Luckey, in his individual capacity and in his official capacity as the Chief of the Mississippi Capitol Police, and John Does 1-15, and in support thereof would show unto this Court the following:

### JURISDICTION AND VENUE

1.      Plaintiff brings this action for declaratory relief, equitable relief, compensatory damages, and punitive damages pursuant to -- the 4th and 14th Amendments to the United States

Constitution; 28 U.S.C. §§ 1331, 1343, 2201, and 2202; 42 U.S.C. §§ 1983, 1988; the Mississippi common law; and the Mississippi Tort Claims Act, ("MTCA"), Miss. Code Ann. § 11-46-1, *et. seq.* The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, as well as 42 U.S.C. §§ 1967, and 1983.

2.     This Court has venue of this action pursuant to 28 U.S.C. § 1391 because the cause of action arose and accrued in Hinds County, Mississippi.

## THE PARTIES

3.     The Plaintiff, Latasha Smith, is an adult resident African-American citizen of Hinds County, Mississippi.

4.     The Defendant, Sean Tindell, is an adult Caucasian resident citizen of the State of Mississippi, and the Commissioner and chief executive officer of the Mississippi Department of Public Safety, which is the State agency under which the Mississippi Capitol Police Department operates. Such agencies are entities organized and existing under and by virtue of the laws of the State of Mississippi. Tindell is sued in his individual capacity and in his official capacity as the Commissioner of the Mississippi Department of Public Safety and is subject to suit pursuant to the Miss. Code Ann. § 11-46-11 and 42 U.S.C. § 1983 and may be served with the process of this Court by serving him at 1900 East Woodrow Wilson Avenue, Jackson, Mississippi and by serving Honorable Lynn Fitch, Attorney General for the State of Mississippi at 550 High Street, Jackson, Mississippi 30201.

5.     The Defendant, Bo Luckey, is an adult Caucasian resident citizen of the State of Mississippi, and the Chief of the Mississippi Capitol Police which is a separate department of the Mississippi Department of Public Safety. Such agencies are entities organized and existing under and by virtue of the laws of the State of Mississippi. Luckey is sued in his individual capacity and

in his official capacity as the Chief of the Mississippi Capitol Police and is subject to suit pursuant to the Miss. Code Ann. § 11-46-11 and 42 U.S.C. § 1983 and may be served at 501 North West Street, Jackson, Mississippi and by serving Honorable Lynn Fitch, Attorney General for the State of Mississippi, at 550 High Street, Jackson, Mississippi 30201.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant Does 1-15 are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. The Plaintiff is informed and believes, and therefore alleges, that each of the Defendants designated as Doe Defendants is responsible in some manner for the events and occurrences referred to in this Complaint, and/or owes money to the Plaintiff. The Plaintiff will ask leave of the Court to amend this Complaint and insert the true names and capacities of Doe Defendants 1-15, when the same have been determined.

7.    All of the Defendants were acting in their individual and official capacities under color of law as law enforcement officers for the Mississippi Department of Public Safety and the Mississippi Capitol Police.

## INTRODUCTION AND FACTS

8.    This is a Constitutional and State tort action brought, in part, under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1, *et seq.*, and Mississippi common law, as a result of the intentional deprivation of Plaintiff's federal Constitutional rights, the deliberate indifference of the Defendants as to Plaintiff's health, safety, life, bodily integrity, and Constitutional rights, assault, battery, negligence, gross negligence, deliberate indifference and reckless disregard for the life, liberty, and safety of others, including the Plaintiff, by the Defendants. The Plaintiff's claims arise

as a direct and proximate consequence of an incident that occurred on or about December 11, 2022, in the City of Jackson, Hinds County, Mississippi.

9.     On December 11, 2022, the Plaintiff was enjoying the peace and comfort of her apartment home, located on Skyview Drive in Jackson, Mississippi. The Plaintiff was not committing, nor had she committed, a crime, and was not the subject of any active warrant for her arrest.

10.     As the Plaintiff enjoyed the peace and comfort of her home, certain primarily Caucasian law enforcement officers with the Mississippi Capitol Police Department ("MCP") and the Mississippi Department of Public Safety ("DPS"), under which the MCP operates, acting in their individual capacities and in their official capacities as law enforcement officers for the MCP and DPS, with deliberate indifference and reckless disregard for the life, liberty, health, safety, and well-being of the Plaintiff, recklessly and intentionally discharged their firearms into the occupied apartment complex in which the Plaintiff resided. As a result of discharging their firearms, several bullets struck and entered the apartment home in which the Plaintiff was occupying. The Plaintiff was struck by one bullet while lying in her bed, which entered into and remains lodged in her arm.

11.     The Plaintiff's freedom of movement was restrained and denied by the actions of the law enforcement officers for the MCP and DPS.

12.     At all times relevant herein, the law enforcement officers for the MCP and DPS were acting in their individual capacities and official capacities as law enforcement agents for the MCP and DPS.

13.     The actions of the law enforcement officers for the MCP and DPS, as described above, were intentional and deliberate.

4

14.     Probable cause did not exist for the actions taken by the law enforcement officers for the MCP and DPS in discharging their firearms into Plaintiff's apartment and body.

15.     The actions of the law enforcement officers for the MCP and DPS in discharging their firearms into Plaintiff's apartment and her body put her in great fear of imminent danger and harm.

16.     The actions of the law enforcement officers for the MCP and DPS in discharging their firearms into Plaintiff's apartment and body denied the Plaintiff freedom of movement.

17.     The actions of the law enforcement officers for the MCP and DPS in discharging their firearms into Plaintiff's apartment and body constituted an excessive use of force.

18.     This incident was not the first time that law enforcement officers for the MCP and DPS had used excessive force to intimidate, threaten, and harm citizens of the United States.

19.     Law enforcement officers for the MCP and DPS knowingly and deliberately used excessive force against African-American citizens prior to the incident in which the Plaintiff was severely injured.

20.     The actions and inactions of the law enforcement officers for the MCP and DPS, as mentioned above, jointly and severally, in knowingly and deliberately using excessive force against African-American citizens was a State created danger.

21.     The Defendant, Sean Tindell, failed to train the law enforcement officers with the MCP and DPS in the proper and Constitutional use of deadly force.

22.     The Defendant, Bo Luckey, failed to train the law enforcement officers with the MCP and DPS in the proper and Constitutional use of deadly force.

23.     The subject MCP officers violated the Plaintiff's Fourth Amendment and Fourteenth Amendment Constitutional rights by conducting an illegal search on the apartment premises,

discharging their firearms into an occupied dwelling with no regard for human life, and striking the Plaintiff's person with a bullet. The Plaintiff was denied her right to due process and the right to be free from bodily harm. The MCP officers' conduct was unlawful and unconstitutional in that the Plaintiff had not committed a felonious act. The MCP officers' actions were not objectively or subjectively reasonable.

24.    During all relevant times, the subject MCP officers were present on or at the Plaintiff's residence. However, the MCP officers, or at least one such individual, failed to intervene to prevent the deprivation of the Plaintiff's rights.

25.    At all relevant times, the Plaintiff did not threaten to harm anyone, and the MCP officers in issue were not in imminent fear of being harmed. The shooting and harm to the Plaintiff was objectively unreasonable. Further, the actions of the MCP officers constituted an excessive use of force.

26.    The MCP officers deprived the Plaintiff of her Constitutional rights under the Fourth and Fourteenth Amendment by using unreasonable force, intimidation, threats, and/or authority to restrain the life and liberty of the Plaintiff.

27.    The MCP officers in question collectively owed a duty of care to the Plaintiff to act as reasonable prudent officers of the law would have acted under the same or similar circumstances. The MCP officers' actions were done in reckless disregard to or for the safety and rights of the Plaintiff.

28.    The MCP officers' actions breached the duty of care owed to the Plaintiff and were the sole, proximate cause of the damages sustained by her.

29.    As a direct and proximate result of the collective negligence and breach of duties of care of the MCP officers, the Plaintiff was deprived of various Constitutional rights.

30.    As a direct and proximate result of the actions or conduct of the involved MCP officers, the Plaintiff suffered injuries and damages, including, but not limited to, the:

a.    Violation of her Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure and harm of or to her person and home;

b.    Loss of her physical liberty and freedom of movement;

c.    Intentional, offensive contact with her body; and

d.    Severe injury to the Plaintiff's person, emotional and mental distress, and other damages.

31.    At all relevant times, the subject MCP officers were acting under color of law and under color of authority as police officers, employees, and agents of the Mississippi Capitol Police, and the Mississippi Department of Public Safety.

32.    As a direct and proximate result of the actions and inactions of the Defendants, jointly and severally, as mentioned herein, the Plaintiff suffered a severe physical injury, physical pain, emotional distress, a loss of enjoyment of life, and she has incurred medical and prescription drug bills.

33.    The actions of the Defendants and the law enforcement officers for the State of Mississippi were such that they would evoke revulsion and shock the conscience of any reasonable individual.

## PREVIOUS HISTORY, CONDUCT, AND
## ESTABLISHED POLICES AND PROCEDURE

34.    The Mississippi Capitol Police and/or the Mississippi Department of Public Safety maintain customs, policies, and practices of using disproportionate and unnecessary force against

African-American citizens who are not resisting arrest and otherwise pose no threat of harm to officers or the general public. All improper conduct and use of excessive force against the Plaintiff were pursuant to the Mississippi Capitol Police Department's and/or Mississippi Department of Public Safety's customs, policies, and practices.

35.    The MCP has an established history of using excessive force and otherwise violating the Constitutional rights of Jackson-area resident citizens. This includes one or more shooting deaths. Various victim accounts and images of injuries confirm that on multiple occasions MCP officers have acted unlawfully and used excessive force.

36.    Despite multiple instances of unnecessary uses of force being used or applied against Jackson-area citizens, including instances that directly involved police supervisory officials, the MCP and DPS failed to take any actions to impose additional training, discipline officers, or adequately supervise its officers.

37.    The MCP and DPS maintain customs, practices, and policies of unlawfully and improperly applying deadly force, and arresting and detaining individuals for crimes for which there is no probable cause. In addition to the illegal and unreasonable use of deadly force against the Plaintiff, other African-American citizens of the Jackson-area have been falsely arrested, illegally detained, or harmed by officers with the MCP and/or DPS.

38.    The MCP and DPS maintain a custom, policy, and/or practice of failing to properly train and hire police officers. Many of the officers with the MCP lacked proper certification at the time of retention and continue to be uncertified.

8

## CAUSES OF ACTION (CLAIMS FOR RELIEF)

### COUNT 1 - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
(Custom, Policy, and Practice)

39.     The Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

40.     In committing the acts complained of herein, the Defendants and their officers and agents acted under color of State law to deprive the Plaintiff of certain Constitutionally protected rights under the Constitution of the United States.

41.     At all times material hereto, the Defendants and their officers and agents were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

42.     Consequently, while acting under the color of the law, the Defendants and their officers and agents commenced to implement a custom, usage, or procedure wherein the rights, privileges, or immunities of the Plaintiff were violated. Specifically, the Defendants and their officers and agents, jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive use of force against the Plaintiff, thus, causing certain injuries to the Plaintiff. As a direct and proximate consequence of their actions, the Plaintiff was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

43.     In light of the circumstances confronted by the Defendants and their officers and agents, a deprivation of rights resulted that was sufficiently serious wherein the MCP officers acted maliciously by using force and physical violence designed and intended to cause the Plaintiff

physical, mental, and emotional harm, pain, and/or injury. Such conduct evidences a deliberate indifference to the immediate, grave, and serious condition and injuries of or to the Plaintiff.

44.     The conduct and actions of the Defendants and their officers and agents, acting in concert and under color of law, in authorizing, directing, and/or causing the Plaintiff to be improperly shot, assaulted, and injured was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference, and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical pain and harm in violation of the Plaintiff's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and unjustified force.

45.     As a direct and proximate result of the violation of her Constitutional rights by the Defendants, the Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C § 1983.

46.     The conduct of the Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

**COUNT II - <u>VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983</u>**
**(Failure to Implement Appropriate Policies, Customs, and Practices)**

47.     The Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

48.     The Defendants, Sean Tindell, as Commissioner of the Mississippi Department of Public Safety, and Bo Luckey, as Chief of the Mississippi Capitol Police, directly caused the

Constitutional violations suffered by the Plaintiff, and are liable for the damages suffered by the Plaintiff as a result of the conduct of the MCP and DPS officers. The conduct of the Defendants' officers was a direct consequence of policies and practices of the MCP and/or DPS.

49.     At all times relevant to this Complaint, the Defendants, acting through the MCP and/or DPS, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of their officers, and were a direct and proximate cause of the damages and injuries complained of herein.

50.     At all times relevant to this Complaint, the Defendants, acting through the MCP and/or DPS, and through their officers, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individuals' Constitutional Rights. Upon information and belief, the Defendants, acting through the MCP and/or DPS, planned and implemented a policy, practice, custom, and usage of excessive force, obstruction of justice, usage of excessive force against private citizens, and discouraging officers from reporting the misconduct of other officers, among other things. In connection with the events complained of herein, the Defendants consciously disregarded the illegality and unconstitutionality of the MCP officers' actions. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

51.     The Defendants knew or should have known of the subject MCP officers' propensity to engage in misconduct of the type alleged herein.

52.     It was the policy and/or custom of the Defendants, acting through the MCP and/or the DPS, to inadequately and improperly investigate the MCP officers' misconduct, and acts of misconduct were instead tolerated, ignored, and actually sanctioned by the Defendants, the Mississippi Capitol Police Department, and/or the Mississippi Department of Public Safety by the

mere act of not adequately reprimanding the MCP officers, and failing to report such misconduct or follow-up with the appropriate authorities.

53.     It was the policy and/or custom of the Defendants, acting through the MCP and/or DPS, to inadequately train, supervise, and discipline MCP officers, including the subject MCP officers, thereby failing to adequately discourage further Constitutional violations on the part of their officers and agents. The Defendants, acting through the MCP and/or DPS, did not require appropriate in-service training or re-training of officers to ensure they were qualified in the use of force, detainment, and the reporting of illegal conduct.

54.     As a result of the above-described policies and customs, among other things, the Defendants, acting through the MCP and/or DPS, including the subject MCP officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

55.     The wrongful policies, practices, customs, and/or usages complained of herein, demonstrated a deliberate indifference on the part of the Defendants and policymakers of the MCP and/or DPS to the Constitutional rights of persons within the Jackson, Mississippi area, and were the direct and proximate cause of the violation of the rights of the Plaintiff.

56.     The Defendants, acting through the MCP and/or DPS, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, allowed employees of the MCP to assault the Plaintiff and allowed employees of the MCP and/or DPS to cover-up illegal conduct.

57.     The failure of the Defendants, acting through the MCP and/or DPS, to adequately train and supervise their officers amounts to a deliberate indifference to the rights of the Plaintiff to be free from excessive force, among other things, under the Constitution of the United States.

12

58.     Upon information and belief, the Defendants, acting through the MCP and DPS, have a custom and/or pattern of allowing similar actions of this nature. The Defendants, acting through the MCP and/or DPS, have a history and/or pattern of allowing similar conduct from MCP officers. The Defendants, acting through the MCP and/or DPS, have not taken the proper actions to stop incidents of this nature. Said Defendants allowed MCP officers to remain employed as officers after assaulting the Plaintiff.

59.     In committing the acts complained of herein, the Defendants, acting through the MCP and/or DPS, acted under color of State law to deprive the Plaintiff, as alleged herein, of certain Constitutionally protected rights. Thus, the Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

60.     The Defendants, acting through the MCP and/or DPS, caused the Constitutional violations suffered by the Plaintiff, and are liable for the damages suffered by the Plaintiff as a result of the conduct of the subject MCP officers. The conduct of the MCP officers was a direct consequence of the policies and practices of the Defendants.

61.     At all times relevant to this Complaint, the Defendants, acting through the MCP and/or DPS, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the MCP officers in question, and were a direct and proximate cause of the damages and injuries complained of herein.

62.     At all times relevant to this Complaint, the Defendants, acting through the MCP and/or DPS, and through the subject MCP officers, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individuals' Constitutional Rights. Upon information and belief, the Defendants planned and implemented a policy, practice, and custom of discouraging officers from reporting the misconduct of other officers, and failing to intervene and

prevent the unconstitutional actions of the subject MCP officers, among other things. In connection with the events complained of herein, the Defendants consciously disregarded the illegality and unconstitutionality of the MCP officers' actions. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

63.  The Defendants, acting through the MCP and/or DPS, knew or should have known of the MCP officers' propensity to engage in misconduct of the type alleged herein.

64.  It was the policy and/or custom of the Defendants, acting through the MCP and/or the DPS, to inadequately and improperly investigate the subject MCP officers' misconduct, and acts of misconduct were instead tolerated and/or ignored.

65.  It was the policy and/or custom of the Defendants, acting through the MCP and/or DPS, to inadequately train, supervise, and discipline MCP officers, including the officers involved herein, thereby failing to adequately discourage further Constitutional violations on the part of the Defendants' officers.

66.  As a result of the above-described policies and customs, among other things, the Defendants, acting through the MCP and/or DPS, including the subject MCP officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

67.  The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberated indifference on the part of the Defendants and other policymakers of the MCP and/or DPS to the Constitutional rights of persons within the Jackson, Mississippi area, and were the direct and proximate cause of the violation of the rights of the Plaintiff.

68.  The Defendants, acting through the MCP and/or DPS, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things,

14

failed to intervene to prevent employees of the Mississippi Capitol Police Department from illegally assaulting and injuring the Plaintiff.

69.     The failure of the Defendants, acting through the MCP and/or DPS, to adequately train and supervise MCP officers amounts to a deliberate indifference to the rights of the Plaintiff to be free from excessive force and bodily injury, among other things, under the Constitution of the United States.

70.     Upon information and belief, the Defendants, acting through the MCP and/or DPS, have a custom and/or pattern of allowing similar actions of this nature. The Defendants have a history and/or pattern of allowing similar conduct from MCP officers. The Defendants have not taken the proper actions to stop incidents of this nature.

71.     In committing the acts complained of herein, the Defendants, acting through the MCP and/or DPS, acted under color of State law to deprive the Plaintiff, as alleged herein, of certain Constitutionally prote0cted rights. Thus, the Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

## COUNT III -VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
### (Refusing or Neglecting to Prevent)

72.     The Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

73.     At all times relevant to this Complaint, the subject MCP officers acted as agents of the Defendants, acting through the MCP and/or DPS, and were acting under the direction and control of the Defendants, MCP, and/or DPS.

74.     Acting under color of law and pursuant to official policy or custom, the Defendants, acting through the MCP and/or DPS, knowingly, recklessly, or with gross negligence failed to

instruct, supervise, control, and discipline on a continuing basis the subject MCP officers in their duties to refrain from:

a.  unlawfully and maliciously injuring and harassing citizens who were acting in accordance with their Constitutional and statutory rights, privileges, and immunities;

b.  conspiring to violate the rights, privileges, and immunities guaranteed to the Plaintiff by the Constitution and laws of the United States and the laws of the State of Mississippi; and

c.  otherwise depriving the Plaintiff of her Constitutional and statutory rights, privileges, and immunities.

75.  The Defendants, acting through the MCP and/or DPS, had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. The Defendants had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

76.  The Defendants, acting through the MCP and/or DPS, directly or indirectly, under color of law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of their officers.

77.  As a direct and proximate cause of the negligent and intentional acts of the Defendants, acting through the MCP and/or DPS, as set forth above, the Plaintiff suffered physical injury and damages in connection with the deprivation of her Constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

## COUNT IV – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983
### (Failure to Intervene)

78.    The Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

79.    At all times material hereto, the Defendants, acting through the MCP and/or DPS, had a duty to intervene while witnessing a deprivation of certain Constitutionally protected rights under the Constitution of the United States.

80.    At all times material hereto, the Defendants was deemed with the responsibility and authority of intervening while MCP officers assaulted, injured, and used excessive force against the Plaintiff without probable cause or justification.

81.    Consequently, the Defendants, acting through the MCP and/or DPS, breached the duty owed to the Plaintiff. The Defendants' breach was the proximate cause of the injuries and damages sustained by the Plaintiff. Furthermore, the subject MCP officers' actions and/or omissions violated the Plaintiff's Constitutional rights which led to the injuries alleged in this Complaint.

## STATE LAW CLAIMS

82.    The Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as set forth herein in their entirety. The Plaintiff requests that this Court exercise supplemental jurisdiction over these intertwined State law claims.

## COUNT V - NEGLIGENCE

83.    At the time and on the occasion in question, the subject MCP officers, individually, jointly and severally, possessed a duty of ordinary care while acting as officers of the law. Specifically, such MCP officers possessed the duty to keep the Plaintiff and others reasonably safe,

to avoid harm to them, and to act as a reasonable prudent officer would have acted under the same or similar circumstances. The MCP officers breached their duty of care by not keeping the Plaintiff and others reasonably safe.

84.     The above-mentioned acts constitute common law negligence and negligence *per se* and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the MCP officers, individually, jointly and severally, resulted in the Plaintiff's damages.

## COUNT VI - GROSS NEGLIGENCE

85.     The Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

86.     The actions of the MCP officers in question, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff and other nearby apartment residents.

87.     The involved MCP officers had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of the Plaintiff herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, the Plaintiff is entitled to the recovery of punitive damages.

88.     The above-mentioned acts constitute common law negligence and negligence *per se* and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the MCP officers resulted in the Plaintiff's damages.

## COUNT VII - NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

89.    The Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

90.    At the time and on the occasion in question, the Defendants and their agents or officers were negligent in hiring, retaining, supervising and/or controlling their employee(s), servant(s), and/or agent(s), who assaulted and injured the Plaintiff.

91.    The Defendants had a duty to exercise ordinary care in the hiring, supervision, and training of MCP's and the DPS's employees, particularly regarding matters involving excessive and unlawful force. The Defendants breached that duty in the following respects, among others:

a.    failing to adequately train employees, agents, or servants;

b.    failing to properly supervise employees, agents, or servants;

c.    failing to comply with laws, rules, statutes, standards and regulations regarding use of force, fleeing suspects, the safe discharge of firearms, and reckless conduct; and

d.    other acts of negligent hiring, retention, supervision, and control as will be more fully shown at trial.

92.    The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendant and the subject MCP officers proximately caused the Plaintiff's damages.

## COUNT VIII - *RES IPSA LOQUITUR*

93.    The Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

94.    At all pertinent times, the Defendants were in sole and complete control of the Plaintiff and the personnel who had a duty to protect her. The Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by ensuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

95.    The Defendants and their officers and agents were presented with an available opportunity to avoid the resulting incident. The Defendants, however, failed to exercise such control over their personnel to prevent the Plaintiff's damages.

96.    The duty of care owed to the Plaintiff was therefore breached by the Defendants and their agents.

97.    The manner of damage to the Plaintiff's persons is the type of event that does not ordinarily occur in the absence of negligence.

98.    The act(s) and/or omission(s) of the Defendants and their agents, under the present set of circumstances, provide an inference of negligence of the part of the Defendants and their agents, either individually or collectively, so as to establish a *prima facie* case. The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against the Defendants.

99.    The above-mentioned acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants and their agents proximately caused the damages and injuries sustained by the Plaintiff.

## COUNT IX - RECKLESS DISREGARD

100.    The Plaintiff re-alleges and hereby incorporates by reference all of the preceding paragraphs of this Complaint as if set forth herein.

101.   The act(s) and/or omission(s) of the Defendants, in both their official and individual capacities constituted a reckless disregard for the rights and safety of the Plaintiffs. Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects. Therefore, the act(s) and/or omission(s) constitute a reckless disregard for the rights and safety of the Plaintiff as defined under Mississippi law.

102.   The act(s) and/or omission(s) of the Defendants were a proximate cause as to the injuries and damages sustained by the Plaintiff.

## COUNT X - VICARIOUS LIABILITY – *RESPONDEAT SUPERIOR* (MTCA)

103.   The Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

104.   Upon information and belief, the subject MCP officers involved in this matter were employee(s), servant(s), and/or agent(s) of the MCP and/or DPS. Thus, the principal Defendants, Sean Tindell, as Commissioner and on behalf of the Mississippi Department of Public Safety, and Bo Luckey, as Chief of the Mississippi Capitol Police, are vicariously liable for the actions of their employee(s), servant(s), and/or agent(s) under the doctrine of *respondent superior*.

## COUNT XI - AGENCY (MTCA)

105.   The Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as set forth herein.

106.   At the times material hereto, the subject MCP officers were in the course and scope of their employment and acted in furtherance of the interests of the MCP and DPS.

107.   The MCP officers were apparent agents acting within their actual or apparent authority of the MCP and DPS; therefore, the MCP and DPS, by and through the Defendants, Sean Tindell and Bo Luckey, are liable for the actions of their employee(s), statutory employee(s), and agent(s).

## COUNT XII - ASSAULT AND BATTERY

108.   The Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

109.   The acts(s) and/or omission(s) of the MCP officers in question, establish that they committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the person of the Plaintiff caused by the act(s) of Defendants, whether directed at the Plaintiff personally or at a third party. The MCP officers committed civil battery upon the Plaintiff by shooting her.

110.   The above-mentioned act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

## COUNT XIII - THE COMMON LAW TORT OF OUTRAGE

111.   The Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

112.   The MCP officers' overall conduct on the date in question was so outrageous that it shocked the moral and legal conscience of the community. This outrageous conduct resulted in the Plaintiff's injuries and damages. The manner, method, and design of the MCP officers' conduct amounted to a cold, callous, premeditated abuse of legal authority.

113.   As a direct and proximate consequence of the outrageous conduct of the aforementioned MCP officers, the Defendants and their agents are jointly and severally liable to

the Plaintiff for such outrageous conduct. Thus, the Plaintiff is entitled to a monetary judgment against the Defendants and others who engaged in or contributed to, or otherwise facilitated through their acts of omission or commission, such outrageous conduct toward her.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

114.   The Plaintiff has exhausted, or will fully exhaust, her administrative remedies under the MTCA. (See attached Exhibit "A" – Notice of Claim)

## CAUSATION, INJURY AND COMPENSATORY DAMAGES

115.   The Plaintiff re-alleges and incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

116.   As a proximate result of the actions and inactions of the Defendants, jointly and severally, the Plaintiff has suffered physical injury and pain, emotional distress, embarrassment and humiliation, a loss of enjoyment of life, and she has incurred medical bills.

117.   The Plaintiff prays for judgment against the Defendants, as follows:

a.      For damages to be determined by a jury, and in   an   amount adequate to compensate the Plaintiff for all the injuries and damages sustained by her;

b.      For all general and special damages caused by the alleged conduct of the Defendants;

c.      For the costs of litigating this case, including reasonable attorneys' fees.;

d.      For punitive damages sufficient to punish the Defendants for their egregious conduct and to deter the Defendants from ever repeating such atrocities; and

e.      For all other relief to which the Plaintiff asserts she is entitled by Mississippi and Federal law.

118. The Plaintiff reserves the right to amend and state further with respect to her damages.

## PUNITIVE DAMAGES

119. The Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

120. Pursuant to Miss. Code Ann. § 11-1-65 and 42 U.S.C. § 1983, inasmuch as the conduct of the Defendants herein constitutes a willful, wanton, egregious, and reckless disregard for the rights and safety of the Plaintiff, an award of punitive damages is appropriate and necessary under these facts.

## JURY TRIAL DEMANDED

121. The Plaintiff demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Latasha Smith, prays that upon final trial hereof she be entitled to take, have and recover, of and from said Defendants all attorney's fees and damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which she may show herself to be justly entitled.

Dated:   April 25, 2023.

Respectfully submitted,

LATASHA SMITH, *Plaintiff*

/s/ Dennis C. Sweet, III
Dennis C. Sweet, III

24

OF COUNSEL:

Dennis C. Sweet, III (MSB #8105)
Dennis C. Sweet, IV (MSB #103009)
SWEET & ASSOCIATES
158 East Pascagoula Street
Jackson, Mississippi 39201
Telephone:   (601) 965-8700


Carroll Rhodes (MSB #5314)
Law Offices of Carroll Rhodes
Post Office Box 588
Hazlehurst, Mississippi 39083
Telephone:   (601) 894-4323